IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20083-KHV |
| LOS ROVELL DAHDA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Roosevelt Rico Dahda's Motion For A *James* Hearing To Determine The Admissibility Of Extra Judicial Statements Of Alleged Co-Conspirators (Doc. #1090), Defendant Roosevelt Rico Dahda's Motion For Notice Of Co-Conspirator Statements (Doc. #1092), Defendant Roosevelt Rico Dahda's Motion In Limine To Exclude Evidence Of Guilty Pleas By Non-Testifying Co-Defendants (Doc. #1094), Defendant's Motion Pursuant To Rule 7(f) Of The Federal Rules Of Criminal Procedure For A Bill Of Particulars (Doc. #1096), Defendant Roosevelt Rico Dahda's Motion To Exclude Co-Conspirators' Testimonial Statements (Doc. #1098), Defendant Roosevelt Rico Dahda's Motion For Notice Of The Government's Intent To Offer Rule 404(B) Evidence At Trial (Doc. #1100), Defendant Roosevelt Rico Dahda's Motion To Disclose Confidential Informants (Doc. #1102), Motion By Defendant For An Order Requiring That The Government Produce And Allow Inspection Of The Grand Jury Transcripts And Minutes Which Resulted In His Indictment (Doc. #1106), Defendant Roosevelt Dahda's Motion To Exclude *Bruton* Evidence (Doc. #1108), Defendant Roosevelt Dahda's Motion For Disclosure Of Exculpatory Evidence, Plea Agreements And Impeachment Materials And Supporting Memorandum (Doc. #1109), and Motion To Allow Defendant's Case Agent/Investigator

To Not Be Subject To Sequestration Rule (Doc. #1110), all filed November 26, 2013. The government has filed a consolidated response to the motions. See Government's Consolidated Response To Defendants' Motions ("Government's Response") (Doc. #1179) filed February 6, 2014.

**I.      Motion For A James Hearing (Doc. #1090)**

Defendant asks the Court to hold a pretrial hearing pursuant to United States v. James, 590 F.2d 575, 579-80 (5th Cir. 1979), to determine the admissibility of co-conspirator statements. The Tenth Circuit recommends the use of a pretrial hearing to determine that a conspiracy existed before statements of co-conspirators are admitted at trial pursuant to Fed. R. Evid. 801(d)(2)(E). The government argues, however, that the provisional admission of co-conspirators' statements in this case will be more expeditious than a pretrial hearing. See United States v. Pinto, 838 F.2d 426, 433 (10th Cir. 1988) (upholding conditional admission of statements, subject to government "connecting up" later).

> Under the Federal Rules of Evidence, a statement is not hearsay if –
>
> The statement is offered against an opposing party and . . . (E) was made by the party's coconspirator during and in furtherance of the conspiracy. The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it under (E).

Fed R. Evid. 801(d)(2). Thus, before admitting co-conspirator statements, the Court must determine by a preponderance of the evidence that (1) a conspiracy existed, (2) defendant and declarant were members of the conspiracy, and (3) declarant made the statements during the course of and in furtherance of the conspiracy. See United States v. Thornburgh, 645 F.3d 1197, 1210 (10th Cir. 2011). In making its preliminary factual determination as to whether a conspiracy exists, the Court may consider the proffered statement, along with independent evidence tending to establish the

conspiracy. United States v. Lopez-Guttierrez, 83 F.3d 1235, 1242 (10th Cir. 1996) (court may consider co-conspirator statements in determining existence of conspiracy) (citing Bourjaily v. United States, 483 U.S. 171 (1987)). The government asserts that based on the expected testimony and exhibits, it will be able to establish a conspiracy, that defendant was a member of the conspiracy and that the declarations made by other co-conspirators were made during the course of and in furtherance of the conspiracy.

Based on the government's representations, the Court finds that defendant's motion for a James hearing should be overruled. The Tenth Circuit has approved forgoing a James hearing and allowing the conditional admission of co-conspirator statements, subject to the government "connecting up" the statements at a later point in trial. Pinto, 838 F.2d at 433. At this point it appears that a James hearing would essentially duplicate the voluminous evidence at trial. Accordingly, such a hearing would waste judicial resources – and those of counsel – with little resulting gain. Furthermore, defendant will suffer no discernable prejudice if the evidence is conditionally admitted at trial. The Court overrules defendant's request for a pretrial hearing on the admissibility of co-conspirator statements.[1]

## II.    Motion For Notice Of Co-Conspirator Statements (Doc. #1092)

Defendant seeks immediate disclosure of all co-conspirator statements. See Memorandum In Support Of Defendant Roosevelt Rico Dahda's Motion For Notice Of Co-Conspirator Statements (Doc. #1093) filed November 26, 2013 at 2. The government requests that the Court allow it to produce a proffer statement before trial that will outline the testimony and evidence that it will use

---

[1] In light of this ruling, defendant's request for pre-hearing disclosure of co-conspirator statements is overruled as moot.

to establish the conspiracy. See Governments' Response (Doc. #1179) at 5. The government states that in the proffer, it will include the specific statements that it will offer under Rule 801(d)(2)(E) and a concise summary of other evidence sufficient to meet its burden under the rule. See id. The Court agrees with the government's suggested approach. On or before **April 14, 2014**, the government shall provide the proffer statements.

### III. Defendant's Motion In Limine To Exclude Evidence Of Guilty Pleas By Non-Testifying Co-Defendants (Doc. #1094)

Defendant seeks to exclude any reference to a co-defendant's guilty plea during voir dire, opening statement or at any other stage of the trial until and unless that co-defendant testifies. The government does not specifically object to such an order. See Governments' Response (Doc. #1179) at 5-6. Accordingly, the Court sustains defendant's motion to exclude evidence of guilty pleas of co-defendants until and unless that co-defendant testifies.

### IV. Defendant's Motion For A Bill Of Particulars (Doc. #1096)

Defendant seeks a bill of particulars which sets forth the following: (1) the persons present when the alleged conspiracy was formed; (2) the terms of the conspiratorial agreement; (3) the location(s) at which the conspiracy was formed; (4) the identities of all known but unidentified co-conspirators referred to in the Indictment; (5) the manner in which the conspiracy was designed to achieve its purposes and goals; (6) the locations of any and all meetings or conspiratorial conversations in which any defendant, including Mr. Dahda, and/or any known but unidentified co-conspirators allegedly participated; (7) the approximate dates in which Mr. Dahda, each co-defendant and each known but unidentified co-conspirator joined the conspiracy; and (8) the particulars of all meetings and conversations in which any defendant, including Mr. Dahda, participated in the conspiracy, including without limitation the names of all persons that the

government will claim at trial were co-conspirators who participated in those meetings and conversations. See Memorandum In Support Of Defendant Roosevelt Ricco Dahda's Motion Pursuant To Rule 7(f) Of The Federal Rules Of Criminal Procedure For A Bill Of Particulars (Doc. #1097) at 2.

For substantially the reasons set forth in the Governments' Response (Doc. #1179) at 6-8, the Court finds that defendant is not entitled to a bill of particulars. See United States v. Avant, No. 11-10256-MLB, 2012 WL 3234487, at *2-3 (D. Kan. Aug. 6, 2012) (defendant not entitled to precise dates when he joined conspiracies and to know entirety of government case and how case will be presented); United States v. Biglow, No. 07-10221-MLB, 2011 WL 6026142, at *1-2 (D. Kan. Dec. 5, 2011) (defendant not entitled to location of conspiracy, manner in which designed, persons present when formed, terms of agreement, particulars and locations as to all meetings, and date when defendant joined conspiracy); United States v. Molina, No. 09-40041-RDR, 2010 WL 2346393, at *5 (D. Kan. June 9, 2010) (defendant not entitled to require government to provide bill of particulars which sets forth "whens, wheres and with whoms of acts and participation in the charged conspiracy") (quoting United States v. Riggins, No. 07–40055–04, 2008 WL 558087, at *2 (D.S.D. Feb. 29, 2008)).

The information requested by defendant is in the nature of a discovery request, not an attempt to avoid unfair prejudice. In light of the government's claim as to the information which it has disclosed to defendant, the Court does not believe that a bill of particulars is necessary. Defendant has not shown that a bill of particulars is necessary to provide an adequate defense, or to avoid prejudicial surprise or double jeopardy problems. Accordingly, the Court overrules defendant's motion.

## V.     Motion To Exclude Co-Conspirators' Testimonial Statements (Doc. #1098)

Defendant seeks to preclude evidence and/or references to co-conspirator testimonial statements unless the Court first determines that the declarant is unavailable and that defendant has had an opportunity to cross-examine the declarant. Defendant asks the Court to prohibit the government from making any reference to such testimonial statements unless the Court has first ruled as to their admissibility. The government responds that it is aware of its responsibilities regarding not impinging on defendant's confrontation rights and that it will not seek to admit co-conspirator statements which are not otherwise admissible under a well-established common law or statutory exception. See Governments' Response (Doc. #1179) at 8. On this record, the Court cannot determine admissibility until the government offers evidence and defendant timely objects. Defendant's motion is therefore overruled.

## VI.    Motion For Notice Of The Government's Intent To Offer Rule 404(b) Evidence At Trial (Doc. #1100)

Defendant seeks an order which directs the government to disclose whether it intends to offer any evidence against him under Rule 404(b), Fed. R. Evid. The scheduling order requires the government to provide "the general nature of other crimes, wrongs or acts of the defendant which the government intends to use at trial pursuant to Rule 404(b)" at least ten days prior to trial. General Order Of Discovery And Scheduling (Doc. #356) filed August 6, 2012 at 5. The government states that it will comply with this order. See Governments' Response (Doc. #1179) at 8. Defendant has not shown that ten days is insufficient for him to prepare his opposition to any Rule 404(b) evidence. Accordingly, the Court overrules defendant's motion.

## VII.   Motion To Disclose Confidential Informants (Doc. #1102)

Defendant seeks an order which requires the government to disclose (1) the identity of any

co-defendants who are cooperating witnesses; (2) the identity of all confidential informants who had contact with defendant and any co-defendants or co-conspirators during the investigation of this case; and (3) criminal records of the informants and co-defendants who are cooperating witnesses, along with any promises or other incentives offered to them in exchange for their cooperation. The Court agrees with the government that defendant's motion falls short of demonstrating that such information is relevant and helpful to his defense or essential to a fair determination of a cause. See United States v. Raviaro, 353 U.S. 53 (1957); United States v. Holmes, 487 F. Supp.2d 1206, 1210-11 (D. Kan. 2007). The Court therefore overrules defendant's motion.

**VIII.    Motion To Inspect Grand Jury Transcripts And Minutes (Doc. #1106)**

Defendant seeks to examine the testimony of all witnesses who testified before the grand jury which returned the indictment herein. Defendant acknowledges that the general practice is to withhold production of the grand jury minutes until such time as a government witness has testified. See Memorandum In Support Of Defendant Roosevelt Rico Dahda Motion For Production And Inspection Of Grand Jury Minutes (Doc. #1107) filed November 26, 2013 at 2-3. Defendant asserts that this practice will unduly lengthen the trial and hinder his ability to prepare his defense and confront witnesses. See id. Defendant states that disclosure of the minutes would enable him to determine what, if any, exculpatory evidence is contained therein, including whether the government informed the grand jury that (1) he was incarcerated from 2004 to 2010 and (2) some or all of the cooperating witnesses were given substantial considerations with regard to pending criminal charges or sentences in return for their cooperation or testimony before the grand jury. See id. at 4.

For substantially the reasons set forth in the Governments' Response (Doc. #1179) at 10-11, the Court overrules defendant's motion. The decision whether to release grand jury transcripts is

committed to the sound discretion of the district court. See In re Lynde, 922 F.2d 1448, 1451 (10th Cir. 1991). Defendant must show that a "particularized need" for the documents outweighs the public policy of grand jury secrecy. See United States v. Warren, 747 F.2d 1339, 1347 (10th Cir. 1984). A general claim that the grand jury transcript possibly contains exculpatory evidence does not suffice. In re Lynde, 922 F.2d at 1454. Defendant has failed to demonstrate a particularized need for the grand jury transcripts. Thus, the Court overrules his motion.

**IX.     Motion To Exclude Bruton Evidence (Doc. #1108)**

Defendant seeks to exclude any out-of-court statements of co-defendants which directly inculpate him. See Bruton v. United States, 391 U.S. 123 (1968). Defendant also seeks redactions of any admissions by non-testifying co-defendants' statements which refer to him. The government does not oppose defendant's motion and states that it will not seek to admit such evidence. See Governments' Response (Doc. #1179) at 11. The Court therefore sustains defendant's motion.

**X.      Motion For Disclosure Of Exculpatory Evidence, Plea Agreements And Impeachment Materials And Supporting Memorandum (Doc. #1109)**

Defendant seek an order requiring the government to disclose at least 90 days before trial the following: (1) exculpatory evidence required by Brady v. Maryland, 373 U.S. 83 (1963); (2) plea agreements of any co-defendant or other witness whom the government intends to call as a witness at trial; (3) evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction; and (4) any other impeachment material relative to a government witness required by Brady or Giglio v. United States, 405 U.S. 150 (1972). The government does not oppose defendant's motion and states that it is fully aware of its obligations under Brady and Giglio and will not ignore this responsibility. See Government's Response (Doc. #1179) at 12. The General Order Of Discovery (Doc. #356) requires the government to provide

such information within a reasonable time period after arraignment. Id. at 3-5. Defendant has not shown that the government has not or will not comply with its obligations thereunder. To the extent the government has not already provided (1) exculpatory evidence required by Brady v. Maryland, 373 U.S. 83 (1963); (2) plea agreements of any co-defendant or other witness whom the government intends to call as a witness at trial; (3) evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction; and (4) any other impeachment material relative to a government witness required by Brady or Giglio v. United States, 405 U.S. 150 (1972), it shall provide such information to defense counsel by **April 14, 2014.** Accordingly, the Court sustains defendant's motion in part.

**XI. Motion To Allow Defendant's Case Agent/Investigator To Not Be Subject To Sequestration Rule (Doc. #1110).**

Defendant asks that his case agent/investigator, Michael Williams, not be subject to the Court's sequestration rule. The government does not oppose the request. See Government's Response (Doc. #1179) at 12. The Court therefore sustains the motion.

**IT IS THEREFORE ORDERED** that Defendant Roosevelt Rico Dahda's Motion For A James Hearing To Determine The Admissibility Of Extra Judicial Statements Of Alleged Co-Conspirators (Doc. #1090) filed November 26, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Roosevelt Rico Dahda's Motion For Notice Of Co-Conspirator Statements (Doc. #1092) filed November 26, 2013 be and hereby is **SUSTAINED in part**. **On or before April 14, 2014, the government shall provide proffer statements of co-conspirators.**

**IT IS FURTHER ORDERED** that Defendant Roosevelt Rico Dahda's Motion In Limine To Exclude Evidence Of Guilty Pleas By Non-Testifying Co-Defendants (Doc. #1094) filed

-9-

November 26, 2013 be and hereby is **SUSTAINED as to co-defendants until and unless that co-defendant testifies**.

**IT IS FURTHER ORDERED** that Defendant's Motion Pursuant To Rule 7(f) Of The Federal Rules Of Criminal Procedure For A Bill Of Particulars (Doc. #1096) filed November 26, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Roosevelt Rico Dahda's Motion To Exclude Co-Conspirators' Testimonial Statements (Doc. #1098) filed November 26, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Roosevelt Rico Dahda's Motion For Notice Of The Government's Intent To Offer Rule 404(b) Evidence At Trial (Doc. #1100) filed November 26, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Roosevelt Rico Dahda's Motion To Disclose Confidential Informants (Doc. #1102) filed November 26, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Motion By Defendant For An Order Requiring That The Government Produce And Allow Inspection Of The Grand Jury Transcripts And Minutes Which Resulted In His Indictment (Doc. #1106) filed November 26, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Roosevelt Dahda's Motion To Exclude *Bruton* Evidence (Doc. #1108) filed November 26, 2013 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant Roosevelt Dahda's Motion For Disclosure Of Exculpatory Evidence, Plea Agreements And Impeachment Materials And Supporting Memorandum (Doc. #1109) filed November 26, 2013 be and hereby is **SUSTAINED in part. To the extent the government has not already provided (1) exculpatory evidence required by Brady v. Maryland, 373 U.S. 83 (1963); (2) plea agreements of any co-defendant or other**

-10-

**witness whom the government intends to call as a witness at trial; (3) evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction; and (4) any other impeachment material relative to a government witness required by Brady or Giglio v. United States, 405 U.S. 150 (1972), it shall provide such information to defense counsel by April 14, 2014.**

**IT IS FURTHER ORDERED** that Motion To Allow Defendant's Case Agent/Investigator To Not Be Subject To Sequestration Rule (Doc. #1110) filed November 26, 2013 be and hereby is **SUSTAINED**.

Dated this 26th day of March, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge