**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL ACTION |
| v. | ) |
| | ) No. 12-20083-36-KHV |
| JEAN FRANCOIS QUINTIN, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER**

This matter is before the Court on Defendant's Amended Motion To Continue His Current

Sentencing Hearing (Doc. #2046) filed September 22, 2015. Defendant asks the Court to extend the

date for sentencing some seven months.

A grand jury returned a superseding indictment which named defendant in this matter nearly

three years ago. See Sealed Superseding Indictment (Doc. #462) filed October 31, 2012. Defendant

pled guilty some 18 months ago. See [SEALED] Petition To Enter Plea Of Guilty And Order

Entering Plea (Doc. #1269) filed April 3, 2014. Defendant seeks an extension of sentencing until

May of 2016. Defendant first asks for the extension so that his counsel can complete discussions

with government counsel on sentencing issues. The United States Probation Office has filed a final

Presentence Investigation Report (Doc. #2050) and it contains only a single objection. Defendant

has not set forth any outstanding sentencing issues or explained why he needs seven months to

complete discussions with government counsel on any such issues. Defendant also asserts that he

needs an extension of the sentencing date so that he can resolve on-going medical issues related to

an earlier knee replacement surgery. Defendant has not shown that his medical concerns cannot be

addressed in a custodial setting.[1]   Delays of sentencing approaching one year are generally

considered presumptively prejudicial to defendant.  United States v. Batie, 433 F.3d 1287, 1290

(10th Cir.), cert. denied, 548 U.S. 908 (2006).  Defendant's right to a speedy trial includes a speedy

sentencing.  See United States v. Yehling, 456 F.3d 1236, 1243 (10th Cir. 2006); Perez v. Sullivan,

793 F.2d 249, 253 (10th Cir. 1986); see also Pollard v. United States, 352 U.S. 354, 361 (1957)

(assuming that sentencing is part of Sixth Amendment speedy trial protections).   Routine

continuances of sentencing also contribute to court congestion and backlog.  For the above reasons,

the Court overrules defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion To Continue His

Current Sentencing Hearing (Doc. #2046) filed September 22, 2015 be and hereby is

**OVERRULED**.

Dated this 25th day of September, 2015, at Kansas City, Kansas.


s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]     Defendant also notes that (1) he will likely be deported at the time of his sentencing as he is a Canadian citizen and (2) his wife and two children are U.S. citizens.  Defendant does not explain how these circumstances relate to his motion to continue or justify a seven-month continuance.